BURKHOLDER *et al.* v. THE UNION TRUST COMPANY *et al.*, *Appellants.*

1. **Railroads:** ILLEGAL FREIGHT CHARGES: PLEADING. In an action against a railroad company under Revised Statutes, chapter 21, article 3, for illegal charges of freight on saw-logs, a petition is sufficient which alleges that plaintiff shipped two car loads of saw-logs over defendant's road a distance of over twenty-five miles and under fifty, that the legal rates were a certain specified sum, that defendant charged and plaintiff paid a different specified sum, being an excess of $3.20 over the legal rates allowed defendant, and asking judgment for the latter sum.

2. ——— · ———: SAW-LOGS. Saw-logs belong to class J of Revised. Statutes, section 834, regulating freight charges of railroads.

3. **Constitutional Law.** The provision of Revised Statutes, section 835, giving the injured party a right of action against a railroad for three times the excess of the legal rate of freight charged by it is constitutional.

*Appeal from Moberly Court of Common Pleas.*—HON. G. H. BURCKHARTT, Judge.

AFFIRMED

*Thos. J. Portis* for appellants.

(1) The petition does not state facts sufficient to constitute a cause of action. The laws of this State do not fix a rate for which saw-logs shall be carried over railroads in this State. If respondents desired to show that saw-logs

belonged to, and were to be included among heavy fourth-class articles, they should have so alleged, and thus afforded appellant an opportunity to deny it and put them to the proof. (2) Section 835 of the Revised Statutes of Missouri, relied upon by respondents in this case, is in conflict with the provisions of the constitutions of Missouri and the United States, as follows : 1. Said section is in conflict with and in violation of the constitution of Missouri, as follows : Article 2, section 20, which declares " That no private property can be taken for private use, with or without compensation, unless by the consent of the owner." 2. Article 2, section 30, which declares " That no person shall be deprived of life, liberty or property without due process of law." 3. Article 4, section 53, which declares " The general assembly shall not pass any local or special law authorizing the granting to any corporation, association or individual, any special or exclusive right, privilege or immunity." 4. Article 11, section 8, which among other things, declares, " The clear proceeds of all penalties and forfeitures and of all fines collected * * shall belong to and be securely invested and sacredly preserved in the several counties, as a county public school fund." * 5. Said section 835 of the statutes of Missouri, is also in conflict with and in violation of article 14, section 1 of the constitution of the United States, which declares " No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States ; nor shall any state deprive any person of life, liberty or property, without due process of law, nor deny to any person within its jurisdiction the equal protection of the laws."

*Hollis & Wiley* and *Martin & Priest* for respondents.

(1) The petition states facts sufficient to constitute a cause of action. R. S., § 833; Bliss on Code Plead., §§ 181, 182. (2) Section 835, Revised Statutes, is not in con-

flict with either the constitution of Missouri or of the United States. *Barrett v. Railroad Co.*, 68 Mo. 56; *Spellman v. Railway Co.*, 71 Mo. 434. The right of the legislature to pass laws to prevent unjust discrimination in freights and to enforce them by penalties, is a common law right by virtue of a railroad being a common carrier. *Chicago & Alton R. R. Co. v. People, etc.*, 67 Ill. 11.

EWING, C.—This suit was commenced against the defendant on the following petition, after stating the formal parts, and, also, leaving out all of the forty odd counts except one; all being similar in all things save in amount:

" That defendants are, and were at the dates hereinafter set out, railroad corporations, owning and operating a certain line of railroad in the State of Missouri, running from the town of Paris to the city of Moberly, Missouri. That on the — day of October, 1878, plaintiffs shipped two car loads of saw-logs from Paris to Moberly over the said railroad, owned and operated as aforesaid by the defendants. That the distance between the aforesaid cities is over twenty-five miles and under fifty miles ; that the rate of charges prescribed by law upon the car loads of saw-logs so ship ped as aforesaid, is $14 per car, amounting to $28 ; but, inst ead thereof, the defendants charged and plaintiffs paid the sum of $31.20, being an excess of the legal rates aforesaid in the sum of $3.20, for which plaintiffs ask judgment, and that the same be trebled, according to the provision of section 835, of the statutes of this State, and for all other due and proper relief."

This was demurred to on the ground that it does not state facts sufficient to constitute a cause of action. The demurrer was overruled, judgment for plaintiffs for treble damages under section 835, Revised Statutes 1879, and an appeal to this court.

I. The statute provides, section 3511, that a petition shall contain " a plain and concise statement of the facts constituting a cause of action     *     *     and a demand

of the relief to which plaintiff may suppose himself entitled." In this case the petition alleges that plaintiffs shipped two car loads of saw-logs over defendant's road, a distance of over twenty-five miles and under fifty, and that defendant charged and plaintiffs paid an excess over the legal rates allowed defendant for such freight, and asks judgment for a certain sum. These allegations are either true or false. If true, under the statement referred to in the petition, plaintiff is entitled to recover. If untrue, of course he must fail. Upon a simple denial the whole question could have been reached, and the court, by its instructions, would have been called on to interpret the statute.

But the petition states that: 1st, Plaintiffs are partners. 2nd, Defendants are railroad corporations and owned and were operating the road. 3rd, Plaintiffs shipped two car loads of saw-logs from Paris to Moberly, over said road. 4th, The distance from Paris to Moberly is over twenty-five miles and under fifty miles. 5th, The rate of charges prescribed by law for a car load of saw-logs, between said points, is $14 a car load. 6th, Defendant charged and plaintiffs paid $15.60 per car load, an excess of legal rates of $1.60 per car. 7th, Plaintiffs asks judgment for the excess so charged and that amount trebled. It is insisted by the appellant that the petition should have alleged that the saw-logs were heavy fourth-class articles, and belonged to a certain class as fixed by law. That it is not sufficient to state that the rate of charges prescribed by law for saw-logs was a certain sum, and that defendant charged in excess thereof.

This being a general law, good pleading does not require that the particular provisions of the law violated should be pointed out or pleaded, but it is sufficient, as in this case, that the petition alleges the charges " as prescribed by law." Bliss on Code Plead., §§ 181, 182. The question then arises on this demurrer, does the law prescribe the rate of freights for saw-logs. " Courts will take judicial notice of the popular meaning of words and phrases."

Bliss on Plead., § 191.    A "log" is a "bulky piece or stick of wood or timber."    Webster, Worcester.    The word saw-log has a well known popular meaning, and in all cases means a heavy piece or stick of wood, or body of a tree cut convenient lengths for the purpose of being sawed into lumber.    But appellants contend that the class of freight to which saw-logs belong should have been alleged for the purpose of ascertaining the rate therefor fixed by law, if any.

But, as we have seen that the allegations under the statute are sufficient, the next question is the construction of the statute.    Does that fix the rate of freight on saw-logs ?    It does not by name.    But the statute was enacted for the purpose of preventing excessive charges for transporting any and all kinds of freight.    It must mean this or nothing.    It reads :    Section 833, "All freights hereafter transported upon any railroad or part of railroad in this State are hereby divided into four general classes."    These four classes must include all freights, and by section 834 excessive freights are prohibited.    Again, all freights are divided into seven special classes, designated by the letters D, E, G, H, I and J.    Class D is for grain in car loads. Class E is flour and lime in lots ; class F is salt, cement, water, lime and stucco ; class H is for live stock ; class I is for agricultural implements, furniture and wagons.    So it is evident saw-logs would not go in either of these five classes, and there are only two special classes left, to-wit : G and J.    But all freights hereafter transported upon any railroad or part of a railroad in this State, are to come under one of these special classes.    Hence they must belong to class G or J, not by act of the commissioners, but by virtue of the law.    The language of the statute is imperative, and reads " are hereby divided into."    Not may be or shall hereafter be, and the maximum of freight is prescribed. Section 834.    " Class G not exceeding $8 per car load for the first twenty-five miles."    Same section, " class J not exceeding $8 per car load for the first twenty-five miles,.

and not exceeding $6 per car load for the second twenty-five miles." "Class J shall comprise coal, brick, sand, stone, railroad ties and cord-wood, and all heavy fourth-class articles in car loads." Do not saw-logs come within "All heavy * * articles in car loads?" But, it is said the statute does not show that they are "fourth-class." The law fixes all freight in one of the four classes. We have seen that saw-logs cannot belong to D, E, F, H, or I, but must belong to one of the four, and hence must belong to G or J. "G shall comprise lumber, lath and shingles in car loads," and nothing else. J, all heavy articles in car loads, so that saw-logs being heavy articles, and not being comprised in any of the other classes, must belong to class J. Because all other classes designate what shall compose those classes. Class J specifies certain articles, and then adds all other heavy articles in car loads. Hence, in my opinion the court below did not err in overruling the demurrer.

II. The constitutional questions presented by the appellants were fully considered in an elaborate and well considered opinion at the last term of this court by PHILIPS, C., and saves the necessity of further notice here. *Humes v. Mo. Pac. R'y Co.*, ante, p. 221.

The judgment of the court below is affirmed. All concur.